IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RACHEL LYDIA RAND

Plaintiff,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Defendant.

Civ. No. 3:26-cv-00820-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

Self-represented Plaintiff Rachel L. Rand has submitted an Amended Complaint, ECF No. 6, in response to the Court's dismissal of the original complaint, ECF No. 5. The Amended Complaint is DISMISSED without further leave to amend.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

**DISCUSSION**

Plaintiff's Amended Complaint fares no better than her first complaint. The vast majority of the Amended Complaint is devoted to irrelevant details of Plaintiff's life: the history of her income and employment; details of arrests and other police contacts; alleged harassment by a credit union employee; decapitating a cat; famous musicians with whom she has performed or met; her attempts to run for public office; and Plaintiff's being raised in a "strictly atheist household."

Plaintiff alleges that Home Forward is funded by Defendant U.S. Department of Housing and Urban Development ("HUD"), which was an issue in the first complaint. But Plaintiff does not allege any cognizable injury by HUD.

Plaintiff alleges she was accepted by "HUD-VASH" and Home Forward for rental assistance in February 2026. Acceptance into a program is not a basis for a claim. She also alleges that Home Forward, because it is funded by HUD, is "bound by the US Constitution's Article VI and the First Amendment to not discriminate on the grounds of religion, gender, sex, etc." Am. Compl. at 4. Article VI—the Supremacy Clause—has no application to this case that the Court can see because Plaintiff does not allege any conflict of state and federal law. *See* U.S. Const. art VI.

Neither does Plaintiff allege any First Amendment discrimination claim, as Plaintiff does not make any allegations of discrimination by HUD or any HUD

employee. Instead, Plaintiff explains that she is atheist who was raised in an atheist household. *Id.* at 5 She bemoans that many organizations dedicated to helping the homeless are religious, and as such, she will not seek help from those organizations. *Id.* at 4. She goes so far as to claim that "the religious organizations of this community are putting on some show of homelessness for some political, health, or politics reason." *Id.* at 5. Plaintiff's decision not to seek charity from private, religious organizations is not a cognizable claim of discrimination against the named Defendant.

The only two direct allegations against HUD in the Amended Complaint are that "HUD should have stepped up to help me with housing in 2001" and "HUD, VA and SSA are the only organizations I know to go to for help with these problems and they have simply let me down." *Id.* Neither of these allegations states a claim for legal relief.

Plaintiff has been given two chances to state a claim for relief against Defendant HUD. Plaintiff has failed to do so, and the Court concludes that it would be futile to permit further amendment. As such, the Amended Complaint is dismissed without further leave to amend. As such, all pending motions are denied as moot.

**CONCLUSION**

For the reasons set forth above, the Amended Complaint, ECF No. 6, is DISMISSED without leave to amend. All pending motions are DENIED as MOOT.

It is so ORDERED and DATED this 15th day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge